No. 23-12241-E

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

Sharon Gallimore,

*Plaintiff-Appellant,*

v.

City of Opa-Locka,

*Defendant-Appellee.*

On Appeal from a Final Judgment of the United States District Court
for the Southern District of Florida
Hon. K. Michael Moore

No. 1:22-cv-22526-KMM

---

## APPELLANT'S OPENING BRIEF

---

**MICHAEL A. PIZZI, JR. P.A.**
**MICHAEL A. PIZZI, JR., ESQ.**
6625 Miami Lakes Drive, Suite 316
Miami Lakes, Florida 33014
Tel: (786) 594-3948

*Attorney for Appellant,* Sharon Gallimore

By:  s/ Michael A. Pizzi, Jr.

---
**MICHAEL A. PIZZI, JR., ESQ.**; FBN 079545

## No. 23-12241-E
## Sharon Gallimore v. City of Opa-Locka, Florida

## Certificate of Interested Persons and
## Corporate Disclosure Statement

Plaintiff-Appellant, SHARON GALLIMORE, by and through undersigned counsel and pursuant to Federal Rule of Appellate Procedure 26.1 and Federal Circuit Rule 47.4, hereby files this Certificate of Interest, as follows:

## REPRESENTED ENTITIES

1.     City of Opa-Locka, Florida, Defendant-Appellee

2.     Sharon Gallimore, Plaintiff-Appellant

## REAL PARTIES IN INTEREST

None.

## PARENT CORPORATIONS AND STOCKHOLDERS

None.  Plaintiff-Appellant is not a corporation.

## OTHER INTERESTED PARTIES

1.     None.

## LEGAL REPRESENTATIVES

1. Christopher J. Stearns, Jr., of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman PA, counsel for Defendant-Appellees.

2. Jonathan Howard Railey of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman PA, counsel for Defendant-Appellees.

3. Michael A. Pizzi, Jr. of Michael A. Pizzi, Jr., P.A., counsel for Plaintiff-Appellant.

## RELATED CASES

None.

## ORGANIZATIONAL VICTIMS AND BANKRUPTCY CASES

None.

## Statement Regarding Oral Argument

Plaintiff-Appellant Sharon Gallimore contends that an oral argument is crucial for the Court's comprehension of the legal and factual intricacies connected with this case.

# Table Of Contents

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement................. C-1

Statement Regarding Oral Argument ......................................................................... i

Table of Contents ....................................................................................................... ii

Table of Citations ...................................................................................................... 3

Jurisdictional Statement ............................................................................................ 5

Statement of the Issues .............................................................................................5

Statement of the Case ...............................................................................................6

Summary of the Argument .......................................................................................10

Argument .................................................................................................................14

   i.   **Retaliation.** *Whether the District Court erred in granting summary judgment when it undertook the role of fact finder when there were disputed issues material fact as to whether the Plaintiff-Appellant suffered Title VII retaliation* ........................................... 14

   ii.  **Age Discrimination.** *Whether the District Court erred in granting summary judgment when it failed to make all material inferences in favor of the nonmoving party under the ADEA.* ................................................................................................................. 20

   iii.  **Gender Discrimination.** *Whether the District Court erred when it failed to acknowledge that the Plaintiff-Appellant had proffered sufficient evidence for a Jury to determine there was gender based discrimination under Title VII.* ......................................................... 23

Conclusion.................................................................................................................26

Certificate Of Compliance ......................................................................................27

Certificate Of Service ..............................................................................................28

**Table of Citations**

*Anderson v. Liberty Lobby, Inc.*
    *477 U.S. 242, 248 (1986).* ...................................................................................19

*Bass v. Bd. of County Comm'r,*
    *256 F.3d 1095, 1109 (11th Cir. 2001).* .............................................................12

*Butler v. Ala. Dep't of Transp.,*
    *536 F.3d 1209, 1214 (11th Cir. 2008).* .............................................................15

*Carter v. City of Miami,*
    *870 F.2d 578, 581 (11th Cir. 1989)* ..................................................................20

*Crawford v. Carroll,*
    *529 F.3d 961, 970 (11th Cir. 2008)* ..................................................................15

*Damon v. Fleming Supermarkets of Florida,*
    *196 F.3d 1354, 1358 (11th Cir. 1999).* .............................................................14

*Evans v. McClain of Georgia, Inc.,*
    *131 F.3d 957, 962 (11th Cir. 1997)* ..................................................................12

*Hernandez v. Equal Emp. Opportunity Comm'n, No. 20-22721-CIV, 2021* .....................................15

*Hill v. Metropolitan Atlanta Rapid Transit Auth.,*
    *841 F.2d 1533, 1539 (11th Cir. 1988).* .............................................................13

*Kennett-Murray Corp. v. Bone,*
    *622 F.2d 887, 892 (5th Cir. 1980).* ..................................................................19

*Lewis v. City of Union City,*
    *934 F.3d 1169, 1185 (11th Cir. 2019).* .............................................................21

*Little v. United Tech., Carrier Transicold Div.,*
    *103 F.3d 956, 960 (11th Cir. 1997)* ..................................................................15

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.,*
    *475 U. S. 574, 587 (1986)* ..............................................................................19

*McDonnell Douglas Corp. v. Green,*
    *411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973).* ...............12, 21

*Miami-Dade County v. Eghbal,*
    *54 So. 3d 525, 526 (Fla. 3d DCA 2011).* .........................................................22

*National Screen Serv. Corp. v. Poster Exchange, Inc.,*
    *305 F.2d 647, 651 (5th Cir. 1962).* ..................................................................19

*Payne v. McLemore's Wholesale & Retail Stores,*
      654 F.2d 1130, 1140 (5th Cir. Unit A Sept. 1981). ...........................................16

*Rollins v. State of Fla. Dept. of Law Enforcement,*
      868 F.2d 397, 400 (11th Cir.1989). ...................................................15

*Sias v. City Demonstration Agency,*
      588 F.2d 692, 695 (9th Cir.1978). ....................................................16

*Silverman v. Bd. of Educ.,*
      637 F.3d 729, 734 (7th Cir. 2011). ...................................................21

*Smith v. Lockheed Martin Corp.,*
      644 F.3d 1321, 1328 (11th Cir. 2011). ............................................13, 21

*Reeves v. Sanderson Plumbing Products, Inc.,*
      530 U.S. 133, 141, 120 S. Ct. 2098. .................................................20

*Trotter v. Board of Trustees of the Univ. of Ala.,*
      91 F.3d 1449, 1453 (11th Cir. 1996). ..............................................12

*Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs,*
      512 F.3d 1296, 1300 (11th Cir. 2008). ..........................................20, 22

*Whelan v. Royal Caribbean Cruises Ltd.,*
      976 F. Supp. 2d 1322 (S.D. Fla. 2013) ............................................11

*Wilson v. B/E Aerospace,*
      376 F.3d 1079 (11th Cir. 2004). ....................................................14

**Rules**

      *Fed. R. Civ. P. 56* ..........................................................................19

**Statutes**

      *Fla. Stat. § 760.10* ........................................................................22

      *29 U.S.C. § 623(a)(1)* ................................................................20, 21

      *29 U.S.C. § 631(a)* ........................................................................22

## Jurisdictional Statement

The jurisdiction for this proceeding was proper in the United States District Court, Southern District of Florida where the Honorable Court granted summary judgment in favor of the Defendant-Appellee. Pursuant to the Florida Rules of Appellate Procedure 9.110, this Court has jurisdiction over this appeal from the United States District Court, Southern District of Florida's summary judgment entered on June 16, 2023. The District Court granted a final order on Defendants-Appellees summary judgment (Appx. 239) on June 16, 2023. Plaintiff-Appellant filed a timely Notice to Appeal (Appx. 252) on July 6, 2023. Under the Federal Rules of Appellate Procedures, this Court docketed the Appeal on July 6, 2023, under Appeal Number 23-12241. This appeal is from a judgment that disposes of all parties' claims.

## Statement of the Issues

I. Whether the District Court erred in granting summary judgment when it undertook the role of fact finder when there was a disputed material fact as to whether the Plaintiff-Appellant suffered Title VII retaliation.

II. Whether the District Court erred in granting summary judgment when it failed to make all material inferences in favor of the nonmoving party under the ADEA.

III. Whether the District Court erred when it failed to acknowledge that the

Plaintiff-Appellant had proffered sufficient evidence for a Jury to determine there was gender based discrimination under Title VII.

## Statement of the Case

### I.   Nature of the Case

Plaintiff-Appellant Sharon Gallimore initiated this case against the Defendant-Appellee, the City of Opa-Locka. Plaintiff-Appellant sued the City of Opa Locka alleging violations of  Title VII based on Gender discrimination and Retaliation for protected activities under Title VII, including illegal termination for filing an EEOC Complaint. She also sued for Age discrimination in violation of the ADEA. The claim centers on adverse personnel actions and harassment stemming from her gender, age, and retaliation in response to her filing complaints and an EEOC charge related to prohibited practices under Title VII.

### II.   Factual Background

Plaintiff-Appellant Sharon Gallimore, a black female over age 40,  was employed by the Defendant-Appellee, the City of Opa-Locka, for over twenty (20) years. She was first hired in 1996 as a City of Opa-Locka Police Officer and rose through the ranks, becoming the highest-ranking female in the department (Appx. 106). Gallimore  held the highest position of  City's Deputy Chief,  the  second-highest  position  in  the  Police  Department.  Plaintiff

Gallimore was demoted from Deputy Chief to officer in October 2020, and terminated from employment in May 2021, less than 60 days after filing an EEOC Complaint related to the demotion and other prohibited activities (Appx. 85, 108).

Without any legitimate, non-discriminatory basis, on or about October 6th, 2020, the Defendant-Appellee demoted Gallimore several levels back to patrol, while they promoted lesser qualified and younger male officers (Appx. 108). Ultimately, a number of white male officers who had histories of misconduct and malfeasance, including officers Michael Steele (white), Sergio Perez (white), German Bosque (white), David Chiverton (younger male) and Nikeya Jenkins (younger female), were given promotions (Appx. 107). Officers Steele and Perez were promoted to Deputy Chief and Acting Chief, despite multiple acts of prior misconduct (Appx. 107). They are white males, while Gallimore is a black female (Appx. 107). Bosque was promoted despite having been fired and even prosecuted criminally for work related misconduct (Appx. 86). Nikeya Jenkins is younger than Gallimore. Jenkins failed the sergeant's exam but was promoted several levels above Gallimore (Appx. 86, 107). Gallimore, a black female, was demoted from the second highest ranking position in the Police Department despite an exemplary 20-year record and no history of misconduct. The male and younger officers mentioned were

promoted and retained while Gallimore was demoted and then fired after she filed an EEOC Complaint to complain (Appx. 105-109). The City also promoted Gallimore's former position to male employees who do not have the same qualifications as the Plaintiff-Appellant (Appx. 107). The City also promoted and provided better treatment to younger employees (Appx 107). Gallimore was never given the opportunity to be considered for Police Chief despite a 20-year exemplary record, while white males like Scott Israel and Steve Barrera were named police chiefs (Appx. 98, 107). There was no explanation for this other than age, gender, and retaliation. The City reduced Gallimore's salary after 20 years of excellent work (Appx. 107). The City demonstrated a profound lack of respect towards Gallimore, engaging in discriminatory behavior through derogatory comments and implementing adverse actions such as demotions, humiliation, and pay cuts solely based on her age and gender (Appx. 108). These actions flagrantly violated both Title VII and the ADEA. Notably, the City not only promoted less qualified white males over her but also took the extreme step of demoting and subsequently terminating her employment after she engaged in the protected activity of filing an EEOC Complaint (Appx. 106, 108).

Specifically, Plaintiff-Appellant Sharon Gallimore took action against these discriminatory practices within the City of Opa-Locka, filing an EEOC

Complaint and Charge in March 2021, citing race, gender, age, and retaliation (Appx. 85, 108).

In an alarming sequence of events, Gallimore faced retaliation following her demotion, culminating in her termination in May 2021. This retaliatory action ensued after she filed an EEOC Charge and expressed vehement complaints to both the EEOC and the City Human Resources Department (Appx. 108).

Gallimore's termination, devoid of any misconduct on her part and ostensibly based on pretextual reasons, stands in stark contrast to the lenient treatment accorded to younger male employees who engaged in misconduct. Despite Gallimore's outstanding 24-year record, the City chose to terminate her while retaining individuals like Michael Steele, Sergio Perez, and others who were implicated in misconduct and crimes during the same period (Appx. 107-109).

The City not only demoted and fired Gallimore but also exhibited a double standard by retaining individuals with misconduct records, subsequently appointing white police chiefs with their own histories of impropriety, including one who was removed from office for gross malfeasance (Appx. 107-109).

### III.  Procedural Background

On August 9, 2022, Plaintiff-Appellant Gallimore filed a complaint in the United States District Court, Southern District Court of Florida, Miami-Dade County, Florida (Appx. 11). The complaint alleged claims of retaliation and employment discrimination claims under Title VII, along with one count for age discrimination in violation of the ADEA.

After the City filed a Motion to Dismiss (Appx. 17), Plaintiff-Appellant amended her complaint on January 2, 2023 (Appx. 31). The Defendant-Appellee filed a Motion for Summary Judgment on April 14, 2023 (Appx. 47), and the Plaintiff-Appellant responded on May 12th, 2023 (Appx. 81). The Court entered an Order Granting the City's Motion for Summary Judgment on June 16th, 2023, (Appx. 239) and this appeal was filed on July 6, 2023 (Appx. 252).

### Summary of the Argument

### Issue I: Retaliation

The Court erred by granting summary judgment for the City as there were numerous material issues of fact in the record pertaining to the sole issue upon which it based its decision: the ability to demonstrate a connection between the adverse action and her EEOC Complaint. Plaintiff-Appellant Gallimore, a 24-year City police officer

with an unblemished record, was terminated less than 60 days after filing her EEOC Complaint (Appx. 85, 108). The City failed to establish the absence of genuine issues of material fact regarding whether the City's termination of Gallimore and her filing of the EEOC Charge were causally related. Gallimore provided sworn record evidence that she explicitly informed the City of her EEOC complaints and the complaints constituting protected activities, and the City then terminated her employment in less than 60 days. (Appx. 81-82) While disregarding all permissible inferences from the record evidence to the Plaintiff, as required by this Circuit (Appx. 82-83), the Court imposed an absurd standard that is virtually impossible for any Plaintiff to meet. The Court held, in essence, that barring an explicit statement from the City Manager that he was aware of the EEOC complaint and that is why he fired her, no Plaintiff can get to trial based on record evidence that demonstrates a plausible and, in fact, likely inference that such was the case.

If any genuine issues of material fact exist, the Court must deny summary judgment and proceed to trial. _Whelan v. Royal Caribbean Cruises Ltd._, 2013 U.S. Dist. LEXIS 147811, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013). The Court erred and must be reversed.

### Issue II: Age Discrimination

The District Court did err in two respects. First, the Court erroneously ignored the record evidence establishing direct evidence of age discrimination in the form of

comments from the elected officials who said they were discriminating against her based on age directly (Appx. 105). The record was replete with direct statements stating that the powers that be wanted younger people. The record is also replete with evidence that the people making these comments that constituted the direct evidence ultimately told the City Manager what to do (Appx. 105).

Because there was direct evidence of age discrimination, the district court should not have applied the *McDonnell Douglas* burden-shifting test. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). McDonnel Douglas never applies when direct evidence is presented. "[I]n cases of discrimination proven by direct evidence, it is incorrect to rely on the McDonnell Douglas test because, while circumstantial evidence is used to create an inference of discrimination under McDonnell Douglas, no such inference is required in the case of direct evidence." Taylor, 175 F.3d at 867 n. 2; Evans v. McClain of Georgia, Inc., 131 F.3d 957, 962 (11th Cir. 1997) ("[O]nce a plaintiff produces direct evidence of a discriminatory motive, and the trier of facts accepts this testimony the ultimate issue of discrimination is proved." (citation and internal quotation omitted)); Trotter v. Board of Trustees of the Univ. of Ala., 91 F.3d 1449, 1453 (11th Cir. 1996) ("When there is direct evidence that discrimination was a motivating factor in the challenged employment decision, the appropriate analysis is different from that employed in a case where only circumstantial evidence is available."). The defendant's

burden when refuting direct evidence of discrimination is one of persuasion and not merely production. See Hill v. Metropolitan Atlanta Rapid Transit Auth., 841 F.2d 1533, 1539 (11th Cir. 1988). See Bass v. Bd. of County Comm'r, 256 F.3d 1095, 1109 (11th Cir. 2001). The District Court also incorrectly applied a "nearly identical" standard that influenced its consideration of Gallimore's comparators allegations. The absence of ability to differentiate a comparator "does not necessarily doom the plaintiff's case." Smith v. Lockheed Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011).

## Issue III: Gender Discrimination

The District Court completely ignored the abundance of record evidence demonstrating that while Gallimore was fired as a single female for reasons that she has established were not true and actually a complete fabrication, while male employees who were convicted felons and who had been arrested were not only retained but had been promoted. (Appx. 81-83) The District court improperly focused on one fact - the fact that Gallimore was temporarily replaced as Deputy Chief by a female. But the District Court ignored the abundance of evidence in the record that after she was demoted, she was then fired from the position of police officer when male officers at her same level were retained and promoted who had established histories of malfeasance compared to Plaintiff's-Appellant's excellent record. In other words, there is ample evidence in the record for a jury to conclude that gender

was the but for cause of her termination when one considers the unrebutted fact that multiple officers who had committed misconduct far great than was ever even alleged against Gallimore were promoted. Gallimore submitted undisputable evidence where the abundance of males (Bosque, Perez), although were terminated and criminally prosecuted had a record of misconduct and replaced Gallimore in her senior position (Appx. 107). Gallimore, a female was wrongfully terminated for blatantly false reason, yet males who should not have been employed are not only retained at work but promoted (Appx. 107). A plaintiff may establish a claim of prohibited disparate treatment through either direct or circumstantial evidence. Wilson v. B/E Aerospace, 376 F.3d 1079 (11th Cir. 2004). Direct evidence is "evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." Damons v. Fleming Supermarkets of Florida, 196 F.3d 1354, 1358 (11th Cir. 1999).

## Argument

## Argument Issue I: Retaliation

The Court's Order acknowledged that Gallimore engaged in protected activity by filing an EEOC Complaint and was terminated less than 60 day later with, according to Gallimore, no intervening events. The court erroneously ruled against Gallimore by stating that "she failed to show knowledge by the City Manager of her complaint."

Nonetheless, in Gallimore's sworn declaration (Appx. 103 – 110) she testified with no rebuttal by the City that she told Human Resources Director Kierra Ward when she had filed her EEOC Complaint and Ward said she would discuss it with the manager because she was complaining about discrimination in her employment. (Appx. 105). Right after this she was fired for reasons that she has provided evidence that are not true. This Order must be reversed.

In order to state a cause of action for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Plaintiff must allege: (1) She engaged in an activity protected under Title VII; (2) He suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. See Hernandez v. Equal Emp. Opportunity Comm'n, No. 20-22721-CIV, 2021 WL 1062230, at *3 (S.D. Fla. Mar. 19, 2021), Citing Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).

In order to establish a statutorily protected expression under the opposition clause, a plaintiff must only show that he "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." Furcron, 843 F.3d at 1311 (quoting Little v. United Tech., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997)). The plaintiff's burden under this standard has a subjective and objective component. Id. Thus, a plaintiff must allege both that he honestly believed his employer was engaged in unlawful employment practices, and that his belief was

objectively reasonable. Id. Objective belief is measured against the controlling substantive law. Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1214 (11th Cir. 2008).

The Eleventh Circuit has recognized that a plaintiff can establish a prima facie case of retaliation under the opposition clause of Title VII if he shows that he had a good faith, reasonable belief that the employer was engaged in unlawful employment practices. See Rollins v. State of Fla. Dept. of Law Enforcement, 868 F.2d 397, 400 (11th Cir.1989).

A plaintiff, therefore, need not prove the underlying discriminatory conduct that he opposed was actually unlawful in order to establish a prima facie case and overcome a motion for summary judgment; such a requirement "would not only chill the legitimate assertion of employee rights under Title VII but would tend to force employees to file formal charges rather than seek conciliation or informal adjustment of grievances" Sias v. City Demonstration Agency, 588 F.2d 692, 695 (9th Cir.1978). See also Payne v. McLemore's Wholesale & Retail Stores, 654 F.2d 1130, 1140 (5th Cir. Unit A Sept. 1981) ("To effectuate the policies of Title VII and to avoid the chilling effect that would otherwise arise, we are compelled to conclude that a plaintiff can establish a prima facie case of retaliatory discharge under the opposition clause of [Title VII] if he shows that he had a reasonable belief that the employer was engaged in unlawful employment practices."), cert. denied,

455 U.S. 1000, 102 S.Ct. 1630, 71 L.Ed.2d 866 (1982).

**Here, the Plaintiff-Appellant has pled and submitted sworn testimony that she:**

- She filed an EEOC complaint in March 2021.(Appx. 85)

- The City knew about it. (Appx. 85)

- Less than 60 days later in March 2021, she was fired and ended her 24 year career.(Appx. 85)

- All of the City's proffered reasons are a lie and completely false. (Appx 85, 105-106).

- There is no dispute that she engaged in protected activity and lost her 24 year distinguished police career. She has stated under oath that the City was aware of her EEOC complaints. She stated under oath that the City's preferred reason was a lie and that she was fired. (Appx. 85)

- Both the Plaintiff-Appellant (Appx. 103-110) and Former Police Chief Dobson's Sworn Declarations (Appx. 149 – 150) make it clear that the City's denials of her being fired for prohibited reasons are not true and make no sense. (Appx. 85)

### Sworn Declaration of  Sharon Gallimore (Appx. 103-110)

- "City Manager Pate was not the sole decision maker in my termination." (Appx. 105)

- " I have personally read sworn declarations and testimony from Mr. Pate that

he was frequently ordered by Mayor Pigatt and other City Commissioners to engage in improper acts." (Appx. 105)

- "I have personally read former City Manager Pate's Whistleblower Lawsuit where he explicitly states that he was improperly pressured and influenced by Mayor Pigatt, Commissioner Burke and other of his bosses to engage in improper acts." (Appx. 105)

- "Former City Manager Pate explicitly stated that he was illegally pressured to fire Chief Dobson." (Appx. 105)

- "City Manager Pate has stated under oath that he was never a sole decision maker and instead followed the directions of Mayor Pigatt." (Appx. 105)

- "In a meeting between John Pate, Kierra Ward, and myself I mentioned my civil service ranking of Sergeant to the manager. Pate stated himself that he was feeling pressured about firing us from the Commission. The same Mayor and Commission that demanded younger people." (Appx. 110)

### Sworn Declaration of John Pate (Appx. 135-138)

- "Among other things, the late Commissioner Burke and Mayor Pigatt repeatedly pressured me to terminate Police Chief James Dobson because of Dobson's refusal to make police personnel moves at their discretion in violation of the City Charter, and in part because of Dobson's refusal to offer special favors, including to relatives of Mayor Pigatt who had been arrested." (Appx. 136)

**Sworn Declaration of James Dobson (Appx. 149-150)**

- " The City Manager John Pate was not the sole decision maker on police personnel issues and was heavily influenced and intimidate by Mayor Pigatt and City Commissioners." (Appx. 149)

**Sworn Declaration Gallimore Regarding EEOC (Appx. 103- 110)**

- "Regarding the retaliation, I told Human Resources Director Kierra Ward when I filed my EEOC Complaint and she said she would discuss it with the Manager because I was complaining about discrimination in my employment." (Appx. 105)

- "It was shortly after my EEOC complaints were disclosed to the powers that be that the City fired me for reasons that are completely false." (Appx. 105)

- "I filed an EEOC Complaint against my former employer, the CITY OF OPA LOCKA, and received a Right to Sue Letter before filing this action in a timely fashion." (Appx. 105-106)

The decision about who to believe in this case is left to the jury. There is zero basis for the City's motion.

Summary judgment should be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute is material only if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Whether a genuine issue of material fact is presented will be determined by asking if a reasonable jury could return a verdict for the non-moving party. Id. When evaluating a motion for summary judgment, the facts are to be construed in a light most favorable to the non-moving party. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U. S. 574, 587 (1986). The district court must not "resolve factual disputes by weighing conflicting evidence...since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

## Argument Issue II: Age Discrimination

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of [her] age." 29 U.S.C. § 623(a)(1); Chapman, 229 F.3d at 1024. ADEA liability depends on whether age actually motivated the employer's decision, i.e., "the plaintiff's age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome" Chapman, 229 F.3d at 1024 (quoting Reeves v.

<u>Sanderson Plumbing Products, Inc., 530 U.S. 133, 141, 120S. Ct. 2098, 2105 Case: 19-12094 Date Filed: 02/12/2020 Page: 13 of 20 14 (2000)).</u> "A plaintiff may establish a claim of illegal age discrimination through either direct evidence or circumstantial evidence." <u>Van Voorhis v. Hillsborough Cty. Bd. of Cty. Comm'rs, 512 F.3d 1296, 1300 (11th Cir. 2008) (citing Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989)).</u>

The Plaintiff-Appellant has supplied two sworn complaints, a 77-paragraph sworn declaration, and a 50-paragraph rebuttal to the City all providing evidence as follows:

- She was employed for 24 years with an unblemished, totally unblemished, record of dedicated police work.

- She is a female.

- She was terminated on grounds that were deemed unsubstantiated and without merit.

- Individuals of a younger demographic, both male and female, who possessed records of criminal conduct assumed her position.

- Jenkins, who took her actual position and was not only younger and less qualified, but she failed the sergeant's exam and committed PPP fraud resulting in front page news articles (Appx. 107). The only basis for the Plaintiff-Appellant being replaced was age.

In <u>Smith v. Lockheed Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011)</u>, the court determined that McDonnell Douglas is not the only means by which a case can establish a triable issue of fact. "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents "a convincing mosaic of circumstantial evidence that would allow a jury to infer"[A]n inference, is not a" Id. (quoting <u>Silverman v. Bd. of Educ., 637 F.3d 729, 734 (7th Cir. 2011)</u>). A convincing mosaic may be proven by showing "(1) suspicious timing, ambiguous statements . . . , and other bits and pieces from which an inference of [*12] discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." <u>Lewis v. City of Union City, 934 F.3d 1169, 1185 (11th Cir. 2019) ("Lewis II")</u>. Under the ADEA and FCRA, it is unlawful for an employer to discriminate against an employee because of age. See 29 U.S.C. § 623(a)(1); Fla. Stat. § 760.10. The laws protect "individuals who are at least 40 years of age." 29 U.S.C. § 631(a); see <u>Miami-Dade County v. Eghbal, 54 So. 3d 525, 526 (Fla. 3d DCA 2011)</u>. "A plaintiff may establish a claim of illegal age discrimination through either direct evidence or circumstantial evidence." <u>Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 512 F.3d 1296, 1300 (11th Cir. 2008)</u>.

**Sworn Declaration of Sharon Gallimore (Appx. 103-110)**

- "I personally attended the State of the City address by Mayor Pigat where he stated that the City needed to bring in much younger and "more energetic." (Appx. 105)

- "Commissioner Alvin Burke told me directly that people were tired of the same "old people" and that if the police department had young officers, they would not have the health issues that older officers like myself had." (Appx. 105)

- "Mayor Pigat told me and Chief Dobson that he wanted younger people in positions of leadership in the police department." (Appx. 105)

- "In a meeting between John Pate, Kierra Ward, and myself I mentioned my civil service ranking of Sergeant to the manager. Pate stated himself that he was feeling pressured about firing us from the Commission. The same Mayor and Commission that demanded younger people." (Appx. 110)

**Sworn Declaration of James Dobson (Appx. 149-150)**

- "There were times when Mayor Pigatt at City meetings and in private meetings stated that he wanted younger leadership in the police force." (Appx. 150)

- "I personally observed and heard this." (Appx. 150)

## Argument Issue III: Gender  Discrimination

Title VII forbids sex discrimination based on all aspects of employment.

Discriminatory actions and policies can be divided into two categories: disparate treatment or disparate impact. Disparate treatment is the context of sex discrimination is any unfavorable treatment that is motivated by an employee's sex or gender identity.

Gallimore has submitted evidence that an abundance of males (Bosque, Perez) who were fired and criminally prosecuted and had a record for misconduct, replaced her in senior police positions. She, a female was fired for nothing. There be no more clear cut case of gender discrimination. The female is fired for some contrived and made up false reason. Yet – males who should not even be employed are not only kept at work but are promoted.

In addition, the Plaintiff-Appellant has provided evidence that the Mayor and public officials who directed the City Manager's activities made multiple statements encouraging discrimination. (Appx. 105 and Appx. 150). This is direct evidence of based discrimination made under oath and part of the recorded evidence.

Again, the proffered reasons by the City have been shown to be false. She was explicitly told that the County Department Assessment would have no impact on her employment. The allegations that she did not show up for work for three days are simply not true. (Appx. 104-105)

For all of these reasons, summary judgment should have been DENIED. The Plaintiff-Appellant is a 24 year decorated police officer who was terminated based

on made up false reasons right after she filed an EEOC Complaint. She was replaced by younger, less qualified employees and the City clearly provided better treatment to males.

### Sworn Declaration of Sharon Gallimore (Appx. 103 -110)

- "Ultimately, a number of white and male officers who had histories of misconduct and malfeasance, including officers Michael Steele (white), Sergio Perez (white), German Bosque (white), David Chiverton (younger male), and Nikeya Jenkins (younger female) were given promotions." (Appx. 107)

- "Steele and Percz were promoted to Deputy Chief and Acting Chief, despite multiple acts of prior misconduct. They are white males, while Gallimore is a black female. " (Appx. 107)

- "Bosque was promoted despite having been fired and even prosecuted criminally for work related misconduct. Bosque is a white male." (Appx. 107)

- "After I filed my EEOC Complaint and Charge in March 2021, in May 2021, I was fired in retaliation because I filed an EEOC Charge and vehemently complained to the EEOC and the City Human Resources Department about violations of Title VII in the City of Opa Locka Police Department. (Appx. 108)

- "I was terminated when I committed no misconduct and for pretextual reasons,

while younger employees and specifically younger male employees who committed misconduct were not disciplined and in fact, received more favorable treatment and promotions." (Appx. 108-109)

- "While the City demoted and fired me despite an outstanding 25 year record, the City did not fire Michael Steel, Sergio Perez and others who actually committed misconduct and crimes during the same time period." (Appx. 109)

- "The City then hired white police chiefs who also had records of misconduct, one of whom was removed from office for gross malfeasance." (Appx. 109)

**Sworn Declaration of James Dobson (Appx. 149-150)**

- "Based on my personal observations Sharon Gallimore was more qualified than Bosque, Sergio Perez, and Jenkins." (Appx. 150)

- "Officers Bosque, Steel, and Sergio Perez all had multiple incidents of misconduct, including terminations." (Appx. 150)

- "Sharon Gallimore was fired for what I can say was not a basis for discipline, while male officers who are not as qualified as she was, were promoted." (Appx. 150)

**Conclusion**

For the foregoing reasons the decision of the United States District Court should be reversed and sent back to the District Court for trial or a decision consistent with this opinion.

Date: December 28, 2023

Respectfully Submitted,
**MICHAEL A. PIZZI, JR. P.A.**
**MICHAEL A. PIZZI, JR., ESQ.**
6625 Miami Lakes Drive, Suite 316
Miami Lakes, Florida 33014
Tel: (786) 594-3948

*Attorney for Appellant,* Sharon Gallimore

## Certificate of Compliance

Undersigned counsel hereby certifies that this submission complies with the typeface and typestyle requirements for Federal Rule of Appellate Procedure 32(2)(5). This brief is printed in Times New Roman 14-point font and contains 4,722 words as calculated using the word-counting feature of Microsoft Word.

By: *s/ Michael A. Pizzi, Jr.*

**MICHAEL A. PIZZI, JR., ESQ.**; FBN 079545

## Certificate of Service

**I certify** that a copy of the forgoing Appellant's Opening Brief was filed and served

via CM/ECF on December 28, 2023 to:

Jonathan Howard Railey
Johnson Anselmo Murdoch Burke Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
railey@jambg.com

Christopher J. Stearns, Jr.
Johnson Anselmo Murdoch Burke Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
stearns@jambg.com

By:   *s/ Michael A. Pizzi, Jr.*
**MICHAEL A. PIZZI, JR., ESQ.**; FBN 079545